# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MARK A. KEARNEY, | : | NO. 17-4951 |
| Defendant. | : | |

## MEMORANDUM

SLOMSKY, J.                                                                                   NOVEMBER 9, 2017

Plaintiff Victor Walthour brings this civil action against the Honrable Mark A. Kearney because he believes Judge Kearney violated his constitutional rights. Plaintiff's claims are based on the fact that Judge Kearney dismissed a civil action filed by plaintiff, *Walthour v. Herron*, E.D. Pa. Civ. A. No. 16-2162.

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Azubuko v. Royal*, 443

1

F.3d 302, 303-04 (3d Cir. 2006) (per curiam). As it is apparent that plaintiff is suing Judge Kearney based on Judge Kearney's dismissal of his case, his claims are clearly barred by judicial immunity. Accordingly, plaintiff's complaint against Judge Kearney is legally baseless. If plaintiff was dissatisfied with Judge Kearney's ruling, he was entitled to appeal to the Third Circuit Court of Appeals, which he did.[1]

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Plaintiff will not be given leave to amend because he cannot cure the defects in his claims. An appropriate order follows, which shall be docketed separately.

---

[1] Plaintiff's appeal is currently pending. *See Walthour v. Herron*, 3d Cir. No. 16-3944.

2